2011 UT 61

**WORKERS COMPENSATION FUND, Iverson Steel and Erection Company, and Wadman Corporation, Plaintiffs and Appellee,**

v.

**ARGONAUT INSURANCE COMPANY, Defendant and Appellant.**

No. 20100211.

Supreme Court of Utah.

Oct. 4, 2011.

Rehearing Denied Dec. 8, 2011.

James R. Black, Dennis V. Lloyd, Matthew J. Black, Salt Lake City, for appellee.

Theodore E. Kanell, Daniel E. Young, Salt Lake City, for appellant.

Justice PARRISH, opinion of the Court:

## INTRODUCTION

¶ 1 Argonaut Insurance Company (Argonaut) failed to file a notice of appeal within thirty days of the district court's final judgment, as required by rule 4(a) of the Utah Rules of Appellate Procedure. Instead, Argonaut filed a motion captioned "objection to judgment." Argonaut then filed its notice of appeal within thirty days of the district court's order disposing of that motion. Argonaut asks us to construe its postjudgment "objection to judgment" as a motion under rule 59 of the Utah Rules of Civil Procedure, which would extend the deadline for filing a notice of appeal to thirty days after the district court ruled on the "objection to judgment." Alternatively, Argonaut asks us to construe its motion as a rule 60(b) motion pursuant to the Utah Rules of Civil Procedure, which would give us jurisdiction to consider whether the district court erred in denying that motion. Because Argonaut's "objection to judgment" cannot be construed as either a rule 59 or rule 60(b) motion, its appeal was untimely and we lack jurisdiction to consider its appeal.

## BACKGROUND

¶ 2 This case comes to us on appeal after remand. The underlying dispute in this case

revolves around the issue of who was contractually obligated to pay workers' compensation benefits to Corey Searle. In *Workers' Compensation Fund v. Wadman Corporation*, we held that Argonaut was liable for Mr. Searle's workers' compensation benefits because Mr. Searle was Wadman Corporation's statutory employee, and the policy between Argonaut and Wadman "require[d] that Argonaut pay workers' compensation insurance benefits for all of Wadman's employees." 2009 UT 18, ¶ 40, 210 P.3d 277. We therefore remanded the case to the district court "for action consistent with [our] opinion." *Id.* ¶ 41.

¶ 3 Because Workers' Compensation Fund (WCF) had voluntarily paid Mr. Searle's workers compensation benefits, the district court on remand determined the amount of damages that Argonaut owed to WCF. To facilitate this determination, WCF sent Argonaut and the district court a proposed judgment. The proposed judgment was in the amount of the benefits that WCF had paid to Mr. Searle, as well as prejudgment interest and administrative costs.

¶ 4 Argonaut filed an objection to the proposed judgment and requested a hearing on the remaining issues. In its objection, Argonaut argued that (1) the relevant contracts of insurance had never been interpreted by the trial court, (2) the Utah Labor Commission should determine the statutory employer issue, (3) Wadman filed a motion that the trial court had found moot before the appeal, and (4) the Utah Supreme Court did not determine whether Mr. Searle's injury was covered by Argonaut's workers' compensation insurance policy with Wadman.

¶ 5 The district court overruled Argonaut's objection. It held that we had previously decided in *Wadman* the issues that Argonaut raised. It further held that the proposed judgment submitted by WCF reflected our decision. The district court, however, asked that WCF submit a revised version of the judgment that excluded the award of taxable costs.

¶ 6 On December 18, 2009, WCF sent a revised judgment to the court. Argonaut again filed an objection to the proposed judgment in which it argued that the district court was required to hold a hearing regarding coverage issues and that the judgment should be against Wadman rather than Argonaut. The district court again overruled Argonaut's objection. On January 11, 2010, the court entered judgment requiring that Argonaut pay to WCF the amount of workers' compensation benefits that WCF had paid to Mr. Searle, together with prejudgment interest and administrative costs.

¶ 7 On January 14, 2010, three days after judgment had been entered, Argonaut filed yet another "objection to judgment." For the first time, Argonaut argued that the judgment should not include administrative costs or prejudgment interest and that the Utah Labor Commission had exclusive jurisdiction to determine the amount of damages to which WCF was entitled. Argonaut's motion did not include a supportive memorandum nor did it cite to any legal authority. On February 10, 2010, the district court again overruled Argonaut's objection. It held that the judgment was properly entered and that it was inappropriate for Argonaut to introduce new issues after the court had denied Argonaut's prior objections and entered judgment. On March 8, 2010, Argonaut filed its notice of appeal.

## ANALYSIS

¶ 8 Argonaut requests that we reverse or vacate the district court's judgment requiring that it reimburse WCF for the workers' compensation benefits WCF paid to Mr. Searle. Argonaut raises four arguments in support of its request. First, it argues that the district court violated its due process rights by failing to hold a hearing on the issue of damages. Second, it claims that the district court erred when it did not enter judgment against Wadman. Third, it argues that the district court erred when it refused to take evidence of the insurance policy between Wadman and Argonaut. Finally, Argonaut claims that the district court lacked subject matter jurisdiction to enter the judgment because the Utah Labor Commission has exclusive jurisdiction to determine the amount

of benefits owed to Mr. Searle.[1] In response, WCF argues that we lack jurisdiction to hear Argonaut's appeal because Argonaut's notice of appeal was untimely. Because we agree that Argonaut did not file a timely notice of appeal, we are without jurisdiction to address the issues Argonaut raises and therefore dismiss this appeal.

## I. ARGONAUT'S NOTICE OF APPEAL WAS UNTIMELY

¶ 9 As a threshold matter, we address whether we have jurisdiction over Argonaut's appeal. WCF argues that we lack jurisdiction because Argonaut's appeal was untimely. Argonaut concedes that it did not file a notice of appeal within thirty days of the district court's January 11 judgment, but asserts that its "objection to judgment" constituted a rule 59 motion to alter or amend the judgment and therefore tolled the time for appeal. It reasons that because it filed its appeal within thirty days of the entry of the judgment disposing of its objection, its appeal was timely. Alternatively, Argonaut argues that the district court should have construed its "objection to judgment" as a rule 60(b) motion for relief from judgment and that we have jurisdiction to determine whether the district court erred in denying that motion. We hold that Argonaut's "objection to judgment" cannot be construed as either a rule 59 motion or as a rule 60(b) motion. Therefore, we lack jurisdiction over this appeal.[2]

■ ¶ 10 Rule 4(a) of the Utah Rules of Appellate Procedure provides that "[i]n a case in which an appeal is permitted as a matter of right[,] ... the notice of appeal ... shall be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order appealed from." "It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955 (Utah 1984), *superseded on other grounds by procedural rule*, UTAH R.APP. P. 3, *as recognized in Clark v. Archer*, 2010 UT 57, ¶ 14, 242 P.3d 758. The time for filing a notice of appeal, however, is "extended by certain motions," including, among others, "a motion to alter or amend the judgment [filed] under rule 59 of the Utah Rules of Civil Procedure." UTAH R.APP. P. 4(b)(1)(c). "If a party timely files in the trial court any" of the motions specified by rule 4(b), "the time for all parties to appeal from the judgment runs from the entry of the order disposing of the motion." *Id.* 4(b)(1). But rule 4(b) does not list an "objection to judgment" as one of the motions that extend the time for appeal. And Argonaut does not contend that an "objection to judgment" extends the time for appeal under this rule. Instead, Argonaut argues that its "objection to judgment" was, in substance, a rule 59 motion and that we should construe it as such. We refuse to do so.

¶ 11 In *Gillett v. Price*, 2006 UT 24, 135 P.3d 861, we faced a similar question. The petitioners in *Gillett* argued that their "motion to reconsider was in substance a [rule 59] motion to alter or amend the judgment ... and therefore tolled the time for appeal."

---

**1.** At oral argument, Argonaut conceded that the only one of these issues with arguable merit is the fourth issue, which concerns the district court's jurisdiction. We therefore pause to remind counsel that advocating frivolous positions before this court is sanctionable under rule 11 of the Utah Rules of Civil Procedure. UTAH R. CIV. P. 11(b)(2), (c). When an attorney advocates a position before a court, the "attorney is certifying that to the best of [that] person's knowledge, information, and belief ... the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Id.* 11(b)(2). Attorneys would be well advised to limit their arguments to those that are meritorious rather than wasting their time, opposing counsel's time, and judicial resources on frivolous claims and arguments.

**2.** At oral argument, Argonaut asserted for the first time that the district court erred in not construing its motion as a motion under rule 12(b)(1) of the Utah Rules of Civil Procedure and that we have jurisdiction to consider the district court's denial of that motion. Because Argonaut did not brief this argument, we decline to address it. *Cf. Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 ("[I]ssues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." (internal quotation marks omitted)).

*Id.* ¶ 7. We rejected the petitioners' argument, holding that when a party seeks relief from a judgment, it must consult the rules "to determine whether relief exists, and if so, direct the court to the specific relief available." *Id.* ¶ 8. We reasoned that "the form of a motion does matter" when determining whether the motion tolls the time for appeal "because it directs the court and litigants to the specific, and available, relief sought." *Id.* We stated that "[p]arties can no longer leave this task to the court by filing so-called motions to reconsider," or similarly titled motions, "and relying upon district courts to construe the motions within the rules." *Id.* We therefore held that "post judgment motions to reconsider and other similarly titled motions *will not toll the time for appeal.*" *Id.* ¶ 7 (emphasis added).

■ ¶ 12 As was the case in *Gillett,* Argonaut's "objection to judgment" is not recognized by the rules of appellate procedure as a motion that extends the time for appeal.[3] Argonaut contends that it filed a rule 59 motion. But Argonaut's motion was not captioned as a rule 59 motion, it did not cite to rule 59 or any other authority to show that Argonaut was entitled to relief from judgment, nor was its motion accompanied by a supporting memorandum, as required by our rules.[4] *See* UTAH R. CIV. P. 7(c)(1) ("All motions, except uncontested or ex parte motions, shall be accompanied by a supporting memorandum."). Indeed, even Argonaut did not treat its "objection to judgment" as a rule 59 motion. Rather, Argonaut requested and obtained a stipulation from WCF that extended the original deadline for filing a notice of appeal by fifteen days. Had Argonaut believed that its "objection to judgment" constituted a rule 59 motion, it would have had no need to request such an extension. It is also significant that the district court did not consider or analyze Argonaut's motion under rule 59. We similarly decline to do so.

■ ¶ 13 We next consider whether Argonaut's motion should be construed as a rule 60(b) motion. We have yet to determine whether our form-over-substance analysis in *Gillett* applies to motions filed pursuant to rule 60(b) of the Utah Rules of Civil Procedure. We conclude that the principles articulated in *Gillett* apply equally to rule 60(b) motions and therefore we extend our *Gillett* holding to cover such motions. "In our system, the rules provide the source of available relief. They are designed to provide a pattern of regularity of procedure which the parties and the courts can follow and rely upon." *Gillett,* 2006 UT 24, ¶ 8, 135 P.3d 861 (alterations omitted) (internal quotation marks omitted). By not indicating the rule under which he seeks relief, a movant shifts the burden of argument and research to the district court. *Cf. State v. Gomez,* 2002 UT 120, ¶ 20, 63 P.3d 72 ("[A] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." (internal quotation marks omitted)). Additionally, a movant's failure to specify the rule governing the motion is unfairly prejudicial to the opposing party, whose task in preparing a response to the motion is made more difficult. For example, in this case Argonaut contends that its motion could be construed as a filing under three different rules of civil procedure. And each of these rules, in turn, has its distinct requirements for relief. Rule 60(b), alone, enumerates six circumstances that may entitle a movant to relief. *See* UTAH R. CIV. P. 60(b). It should be Argonaut's burden, not the burden of the district court or opposing counsel, to identify the rule under which it seeks relief from judgment. Therefore, as with rule 59 motions, the form of a rule 60(b) motion does matter and attorneys requesting relief under rule 60(b) should notify the court that they are seeking relief under that rule.

---

**3.** Although *Gillett* dealt specifically with motions to reconsider, our holding was not limited merely to those motions. *See Gillett,* 2006 UT 24, ¶ 7, 135 P.3d 861 ("[M]otions to reconsider *and other similarly titled motions* will not toll the time for appeal...." (emphasis added)).

**4.** While Argonaut filed a memorandum in support of its "objection to judgment," its memorandum was not filed until after the district court had already ruled on the objection.

¶ 14 In this case, Argonaut's motion was not in the form of a rule 60(b) motion and it is questionable how it could be construed as such. Its motion was neither captioned as a rule 60(b) motion nor did it cite to rule 60 or any other authority. Additionally, Argonaut's motion did not reference any of the circumstances enumerated in rule 60(b) as justifying relief from judgment. It is therefore not surprising that the district court did not address rule 60(b) in its order denying Argonaut's motion. For the foregoing reasons, we refuse to construe Argonaut's "objection to judgment" as a rule 60(b) motion.

¶ 15 In summary, Argonaut's appeal from the district court's underlying judgment is untimely, and Argonaut did not file a rule 60(b) motion, the denial of which would be reviewable, or a rule 59 motion, which would have extended the time for appeal.[5] We therefore lack jurisdiction to address the issues that Argonaut raises.

## CONCLUSION

¶ 16 Argonaut did not file its notice of appeal within thirty days of the district court's final judgment. Because Argonaut failed to file a postjudgment motion that would toll the time for appeal or one that this court has jurisdiction to review, we lack jurisdiction to address this appeal.

¶ 17 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice NEHRING, and Judge CONNORS concur in Justice PARRISH'S opinion.

¶ 18 Justice LEE does not participate herein; District Judge DAVID M. CONNORS sat.

5. We pause to note that district courts have broad discretion in determining whether to construe a motion under rule 59 or rule 60(b) of the Utah Rules of Civil Procedure and nothing in our decision today precludes a district court from exercising that discretion. However, if a motion is not captioned as a rule 59 or rule 60(b) motion and does not cite to rule 59 or rule 60(b), a district court does not err in failing to construe it as such.