2012 UT 6

William JUDSON and Donna Judson,
Plaintiffs and Respondents,

v.

WHEELER RV LAS VEGAS, L.L.C., dba
Wheeler's Las Vegas RV, Defendant
and Petitioner.

No. 20090938.

Supreme Court of Utah.

Jan. 24, 2012.

Gary G. Kuhlmann, Nicolas D. Turner, St. George, for plaintiffs.

Alexander Dushku, R. Shawn Gunnarson, Salt Lake City, Steven R. Bangerter, William E. Frazier, Daniel P. Wilde, St. George, for defendant.

Justice LEE, opinion of the Court:

¶ 1 Plaintiffs William and Donna Judson secured a default judgment against Wheeler RV Las Vegas on a complaint asserting breach of contract and misrepresentation claims arising out of the Judsons' purchase of a recreational vehicle from Wheeler. Wheeler sought to set aside the default judgment, asserting surprise or excusable neglect in its failure to answer the complaint, suggesting that Wheeler was the wrong party because its predecessor was the entity that sold the Judsons their RV, and questioning the district court's jurisdiction over Wheeler. The district court denied Wheeler's motion and the court of appeals affirmed, concluding that Wheeler failed to make a "clear and specific proffer" of a meritorious defense required as a predicate for setting aside a default judgment under rule 60(b) of the Utah Rules of Civil Procedure.

¶ 2 We reverse and remand to the court of appeals for further proceedings. Under the simple pleading standard we have prescribed—and further clarify below—under

rule 60(b), Wheeler's meritorious defense allegations were sufficient. The court of appeals did not reach the question whether Wheeler established the "surprise and excusable neglect" predicate for setting aside the default judgment, however, so we remand to allow it to resolve that issue.

## I

¶ 3 According to the allegations in the plaintiffs' complaint, the Judsons purchased a recreational vehicle from Wheeler in 2002 for $124,527.50. Wheeler failed to disclose at the time of sale that the RV was a manufacturer's buyback. Though the Judsons later sold the RV, they were forced to buy it back when it came to light that the vehicle was a manufacturer's buyback. The Judsons then filed suit in the Fifth District Court, asserting claims for breach of contract and misrepresentation and seeking compensatory damages of $147,274.08, including punitive damages, attorney fees, and costs. No answer was filed on behalf of Wheeler, and on Tuesday, November 27, 2007, the Judsons moved for a default judgment.

¶ 4 Notice of the application for default was sent to Wheeler by mail on Wednesday, November 28, 2007. On Monday, December 3, 2007, the district court clerk issued a default certificate, and on Tuesday, December 4, 2007, the district court entered a default judgment for $147,274.08 plus $1,954.50 in costs and attorney fees. The next day, Wednesday, December 5, 2007, counsel for Wheeler received the application for entry of default.

¶ 5 On February 29, 2008, Wheeler filed a timely motion to set aside the default judgment. Submitted together with the rule 60 motion were a pair of affidavits that, among other things, attempted to justify Wheeler's failure to answer the complaint on the basis of an unwritten agreement. Specifically, Sharon Nelson, Wheeler's attorney, stated that in the fall of 2007 she "contacted Plaintiff's counsel to inform him that the company he sued was not the company from which his clients purchased their recreational vehicle." She further attested as follows:

Based upon our conversation, certain documentation was requested by Plaintiffs'

counsel, which I provided. During the exchange of documentation, it was understood that [Wheeler] would be given an open extension to answer. Despite the fact that the amount of money involved in the [dealer's change of ownership] is wholly irrelevant to this proceeding, Plaintiffs' counsel demanded this information, and refused to sign a confidentiality agreement to cover any unredacted portions of documents pertaining to amounts paid for the dealership.

¶ 6 A similar affidavit, submitted by the Judsons, conceded the existence of this agreement but noted that the extension was to be for a short time to allow Wheeler's counsel to produce evidence that the Judsons had sued the wrong party. The Judsons asserted that their counsel contacted Ms. Nelson on October 15, 2007, demanding that either the requested information be provided or that an answer be filed. On October 30, 2007, the Judsons' counsel allegedly received a Bill of Sale, but not the entire agreement related to the alleged sale of the dealership. On November 1, 2007, the Judsons received a second fax from Ms. Nelson requiring that they sign a confidentiality agreement before any further documents were to be provided. After allegedly receiving no response and having no further contact with Ms. Nelson, the Judsons filed an application for entry of default and a motion for default judgment on November 27, 2007.

¶ 7 In moving to set aside the default judgment, Wheeler made explicit reference to separate subdivisions of rule 60(b). Wheeler first cited subsection (1), which allows courts to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." On this point, Wheeler asserted that the repeated contact between counsel for both Wheeler and the Judsons, as well as the absence of effective notice of the default proceedings, rendered Wheeler's failure to respond to the default proceedings the result of "surprise, or excusable neglect." Wheeler also cited subsection (6), which allows judgment to be set aside for "any other reason justifying relief." UTAH R. CIV. P. 60(b)(6). Additionally, the motion claimed that

The evidence will show that Plaintiffs have sued the wrong party.... Defendant did not own the subject dealership when Plaintiffs purchased the recreational vehicle. Further, Plaintiffs have failed to demonstrate a proper basis for personal jurisdiction. Defendant will be able to demonstrate that it is not the proper party, and that any assertion of personal jurisdiction over Defendant is highly questionable under the seminal cases of *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95], *World–Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297 [100 S.Ct. 559, 62 L.Ed.2d 490], *Hanson v. Denckla* (1958) 357 U.S. 235, 253 [78 S.Ct. 1228, 2 L.Ed.2d 1283], *Burger King v. Rudzewicz* (1985) 471 U.S. 462, 478–482 [105 S.Ct. 2174, 85 L.Ed.2d 528] and their progeny. Each of the aforementioned cases support Defendant's position that personal jurisdiction is lacking in this matter due to the lack of purposeful availment and significant contacts with the forum.

¶ 8 After a May 15, 2008, hearing, the trial court entered its Findings, Conclusions, and Order on June 13, 2008, upholding the default judgment against Wheeler. Citing the requirements of rule 60, the court concluded that relief from default judgment is available only if (a) relief is sought within three months of the entry of the judgment, (b) "mistake, inadvertence, surprise, or excusable neglect were present;" and (c) "the defendant has a meritorious defense to the action."

¶ 9 Though Wheeler's motion to set aside the default judgment was timely, the court found that Wheeler had "failed to establish the existence of surprise" because Wheeler's counsel "was told that only a short time would be given to provide the documents requested by [Judsons'] counsel and ... failed to provide such documents." The court went on to say that "defendant was informed that the [Judsons were] seeking a default and a copy of the Application for Entry of Default was provided to defendant's counsel. Nevertheless, no action was taken by defendant to prevent or overcome a default being entered until almost three months after the default judgment was entered."

¶ 10 With regard to the requirement of a meritorious defense, the court cited language from a plurality opinion of this court, which stated that

[a] meritorious defense is one which sets forth specific and sufficiently detailed facts which, if proven, would have resulted in a judgment different from the one entered. Defendants must therefore do more than merely dispute or deny the truth of plaintiff's allegations; he must set forth specific facts showing meritorious defenses to those allegations in order to have the default judgment set aside.

*State v. Musselman,* 667 P.2d 1053, 1057–58 (Utah 1983) (internal quotations marks omitted). Because the court found that Wheeler had failed to provide the court with any "specific and sufficiently detailed facts," it denied Wheeler's motion.

¶ 11 On appeal, Wheeler challenged the district court's rulings on "surprise or excusable neglect" and on the insufficiency of its allegation of a meritorious defense. On the former, Wheeler asserted that its failure to answer was a result of surprise or excusable neglect because (a) Wheeler's counsel believed, based on conversations with the Judsons' counsel, that no answer would be required until the parties resolved their dispute regarding documentation of whether Wheeler was a proper party to the suit, and (b) Wheeler's counsel did not receive notice of the default proceedings until after the default had been entered. Wheeler also argued on appeal that it had made a sufficient allegation of a meritorious defense and that the "district court erred in failing to set aside the default judgment pursuant to rule 60(b)(4) because the judgment was void for lack of personal jurisdiction."

¶ 12 The court of appeals rejected these arguments. It first noted that Wheeler had not requested "relief from the district court under rule 60(b)(4), and thus, the district court committed no error in failing to grant such relief regardless of the merits of Wheeler's personal jurisdiction claim." *Judson v. Wheeler RV Las Vegas, L.L.C.,* 2009 UT App 199U, para. 3, 2009 WL 2186499. With regard to Wheeler's request for relief under rule 60(b)(1), the court held that "Wheeler failed to adequately present the district court with

any meritorious defense against the Judson' claims." *Id.* para. 4. Specifically, the court held that Wheeler "failed to assert ... [that it] did not assume the liabilities of its predecessor in interest when it purchased the dealership, and it also failed to identify any particular problem with personal jurisdiction." *Id.* para. 5. In the court of appeals' view, these "summary assertions of potential defenses, even when supplanted by the attached affidavits, did not constitute 'a clear and specific proffer of a defense' under the circumstances." *Id.*[1] Finally, the court of appeals rejected Wheeler's assertion that "there is a strong policy in favor of allowing parties to resolve their disputes on the merits," noting that the district court has broad discretion in deciding whether to set aside default judgments. *Id.* para. 6.

¶ 13 We granted certiorari to determine whether the court of appeals erred (1) in upholding the district court's refusal to set aside the default judgment under rule 60(b)(4) and (2) in affirming the district court's determination that Wheeler failed to adequately allege a meritorious defense. We review these decisions for correctness, according no deference to the court of appeals. *State v. Tripp*, 2010 UT 9, ¶ 23, 227 P.3d 1251; *State v. Bujan*, 2008 UT 47, ¶ 7, 190 P.3d 1255.

## II

¶ 14 On a timely motion to set aside a default judgment under rule 60(b), the court may "in the furtherance of justice" relieve a party from a final judgment on any of various grounds listed in the rule. UTAH R. CIV. P. 60(b). We have indicated that "justice" is generally furthered by granting such a motion upon (1) a showing that there is an explicit basis for granting relief under one of the subsections of 60(b); and (2) an allegation of a meritorious defense. *See Menzies v. Galetka*, 2006 UT 81, ¶ 64, 150 P.3d 480; *Erickson v. Schenkers Int'l Forwarders, Inc.*, 882 P.2d 1147, 1149 (Utah 1994); *State v. Musselman*, 667 P.2d 1053, 1055–56 (Utah 1983). The requirement of an allegation of a meritorious defense serves as a "sentry that guards the gateway to Rule 60(b) relief"[2]—it "prevent[s] the necessity of judicial review of questions which, on the face of the pleadings, are frivolous,"[3] and ensures that "vacating the judgment will not be an empty exercise"[4] or a "futile gesture."[5] Mere proof of surprise or excusable neglect would be insufficient without some assertion of a meritorious defense, for example, as it would be an empty formality to set aside a default judgment for a defendant who had no chance of prevailing on the merits.[6]

¶ 15 The assertion of a separate meritorious defense is generally, but not always, required in a successful 60(b) motion. If a judgment is entered by a court that lacks jurisdiction, justice is furthered by setting that judgment aside as void under rule

---

1. The court of appeals likewise upheld the denial of Wheeler's petition for relief under rule 60(b)(6), which allows for relief for "any other reason justifying relief from the operation of the judgment," because "Wheeler's motion did not specifically identify any such other grounds justifying relief from judgment." *Judson v. Wheeler RV Las Vegas, L.L.C.*, 2009 UT App 199U, 2009 WL 2186499, para 2 n.1. Wheeler has not preserved any argument under rule 60(b)(6) on certiorari to this court.

2. *Teamsters, Chauffeurs, Warehousemen, & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992).

3. *Musselman*, 667 P.2d at 1060 (Durham, J., dissenting).

4. *Teamsters Union*, 953 F.2d at 20; 12 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 60.24[1], at 60–83 (3d ed. 2008) ("A precondition of relief from a judgment is that the movant show that he or she has a meritorious claim or defense.").

5. *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) ("[A] threshold condition for granting the relief is that the movant demonstrate that granting that relief will not ... have been a futile gesture, by showing that she has a meritorious defense or claim").

6. Of course, the motion must also be filed within the timeframe required by the rule. *See Menzies*, 2006 UT 81, ¶ 64, 150 P.3d 480. Because Wheeler's motion for post judgment relief was unquestionably filed within the timeframe required by rule 60(b), we need only determine whether Wheeler properly invoked one of the express provisions of rule 60(b), and whether Wheeler has sufficiently proffered a defense that if proven would foreclose the possibility of recovery by the Judsons.

60(b)(4) even absent a separate meritorious defense.[7] The court's lack of jurisdiction is alone sufficient to void its judgment, and there is thus no need for a separate "gateway" ground for setting it aside under rule 60(b)(4). A showing of a lack of jurisdiction, in other words, could never be futile, as a jurisdictional defect is enough by itself to void the judgment.

¶ 16 Therefore, in order to succeed on its motion to set aside the default judgment under rule 60(b)(1), Wheeler was required to show the presence of "surprise, or excusable neglect" and also to sufficiently plead a "meritorious defense." A motion under rule 60(b)(4), by contrast, could succeed on the basis of a mere showing that the judgment was void because of some defect in the court's authority over the case or the parties.

¶ 17 Although we agree with the court of appeals' conclusion that Wheeler failed to press a viable 60(b)(4) motion, we reverse its conclusion that Wheeler failed to make a sufficient proffer of a meritorious defense. Because we are unable to determine from the present record whether Wheeler's failure to file a timely answer to the complaint was the result of surprise or excusable neglect, however, we remand to the court of appeals for further proceedings on that question.

## A

▮▮▮ ¶ 18 We first address Wheeler's argument that the default judgment should have been set aside on the ground that it was void for lack of personal jurisdiction. A judgment is void under rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or parties" or the judgment was entered without the notice required by due process. *Garcia v. Garcia*, 712 P.2d 288, 290 n. 5 (Utah 1986). In moving to set aside the default judgment before the trial court, Wheeler cited subsections (1) and (6) of rule 60(b). On appeal, Wheeler contends that his motion should have been construed as a 60(b)(4) motion, and that as such it was a viable motion whether or not it adequately alleged a separate "meritorious defense." We disagree.

¶ 19 It is true that Wheeler's motion made reference to potential defects in the district court's jurisdiction, but the motion was never presented in form or in substance as a motion to set aside a judgment as "void." Instead of affirmatively requesting vacatur of the judgment as void, Wheeler simply stated that "jurisdiction over the defendant [was] highly questionable" under prevailing due process jurisprudence. And although Wheeler alleged certain facts and cited cases generally calling the court's jurisdiction into question, it failed to seek to actively "void" the court's judgment on that motion, instead asserting that personal jurisdiction was one of its "legitimate and valid legal defenses."

¶ 20 Thus, in context it seems apparent that Wheeler's questioning of the court's jurisdiction was merely a "gateway" assertion of a "meritorious defense" under rule 60(b)(1), not an independent ground for setting aside the judgment under rule 60(b)(4). Although the courts may overlook technical errors of procedural form "to do substantial justice," Utah R. Civ. P. 8(f),[8] our tolerance for procedural imprecision is not unlimited.[9]

---

7. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); 12 James Wm Moore et al. Moore's Federal Practice, ¶ 60.44[5][b] (3d ed. 2008) ("In a Rule 60(b) motion for relief from a judgment on any ground other than a claim that the judgment is void, the moving party must, as a precondition to relief, show that he or she has a meritorious claim or defense. This precondition does not apply when the ground asserted for relief is that the judgment is void.").

8. *See also Workers Compensation Fund v. Argonaut Ins. Co.* (*Argonaut*), 2011 UT 61, ¶ 15 n. 5, 266 P.3d 792 ("[D]istrict courts have broad discretion in determining whether to construe a motion under rule 59 or rule 60(b) of the Utah

Rules of Civil Procedure and nothing ... precludes a district court from exercising that discretion.").

9. Form matters. We have consistently held, and more recently stressed, that moving parties must strive to direct the reviewing court to the specific relief they are seeking. *See, e.g., id.* ¶ 13, ("[A]s with rule 59 motions, the form of a rule 60(b) motion does matter and attorneys requesting relief under rule 60(b) should notify the court that they are seeking relief under that rule."); *Gillett v. Price*, 2006 UT 24, ¶ 8, 135 P.3d 861 ("when a party seeks relief from a judgment, it must ... direct the court to the specific relief available."). This specificity requirement is aimed at ensuring that the burden of argument and research re-

In this case, Wheeler not only failed to cite rule 60(b)(4) in its motion, it simply made no request that the district court treat its motion as seeking the specific relief of outright dismissal of the judgment as void.

¶ 21 As Wheeler notes, our cases have expressed an inclination to construe petitions for post-judgment relief according to their substance. *See e.g., State v. All Real Prop., Residence & Appurtenances,* 2005 UT 90, ¶ 3 n. 3, 127 P.3d 693. The problem with Wheeler's motion, however, was not its formal failure to cite 60(b)(4) by chapter and verse, but that its substance suggested that it was not a 60(b)(4) motion at all. Instead, the motion presented itself as a 60(b)(1) motion with a personal jurisdiction "meritorious defense." We accordingly affirm the court of appeals and reject Wheeler's request that we evaluate its motion as effectively proceeding under rule 60(b)(4).

## B

¶ 22 The conclusion that Wheeler's motion arose under rule 60(b)(1) and not 60(b)(4) necessitates an analysis of whether Wheeler properly asserted a meritorious defense to the complaint on which it defaulted. Wheeler identified two defenses in its motion—that Wheeler had no liability as the successor to the entity that sold the RV to the Judsons and that the court lacked personal jurisdiction over Wheeler. Both the district court and the court of appeals found Wheeler's allegations lacking.

¶ 23 We disagree and reverse. The assertion of a meritorious defense under rule 60(b) requires only "a clear and specific proffer of a defense that, if proven, would pre-clude total or partial recovery by the claimant or counterclaimant." *Lund v. Brown,* 2000 UT 75, ¶ 29, 11 P.3d 277. The proffer of a meritorious defense under rule 60(b) is subject to a liberal pleading standard analogous to that prescribed under rule 8, which requires only that a party state the basis for its claims or defenses "in short and plain terms." [10]

¶ 24 The court of appeals found insufficient Wheeler's "summary assertions" that the Judsons had sued the wrong party and that personal jurisdiction was "highly questionable." *Judson,* 2009 UT App 199U, para. 5. It concluded that the "motion failed to assert that Wheeler did not assume the liabilities of its predecessor in interest when it purchased the dealership, and it also failed to identify any particular problem with personal jurisdiction." *Id.* We do not find any of the detail required under rule 60(b) to be lacking, however. The bald assertion of a "lack of personal jurisdiction" would not itself suffice under our precedents, but Wheeler went well beyond that in alleging in "short and plain terms" the essential ground for this defense—that Wheeler had no place of business or other minimum contacts with the State of Utah and that accordingly the court's "personal jurisdiction is lacking in this matter due to the lack of purposeful availment and significant contacts with the forum state." A conclusory allegation that the Judsons had sued the "wrong party" would also fall short, but again Wheeler went further, asserting that "evidence in this matter will show that the present owners of Wheeler RV Las Vegas, LLC did not acquire the liabilities ... [of] the prior owner," and that the Judsons "purchased their recreational vehicle in 2002,

mains on the party seeking relief and is not improperly shifted to opposing parties or to the court. *State v. Gomez,* 2002 UT 120, ¶ 20, 63 P.3d 72 ("[A] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." (internal quotation marks omitted)). That is not to say that the law necessarily requires fastidious formality of citation form. A motion that fails to specify the applicable secondary or tertiary subsection of a rule or statute may still be appropriate if it identifies for the court the essential basis for the motion. Wheeler's motion fell short not just in its failure to cite the specific subsection of rule 60(b), but in its omission of the essential basis for 60(b) relief that it seeks to raise on appeal.

10. *See* UTAH R. CIV P. 8; *see also Whelan v. Abell,* 48 F.3d 1247, 1259 (D.C.Cir.1995) (When moving to set aside a default, defendant is not required to prove a defense, but "only to assert a defense that it may prove at trial."); *Bieganek v. Taylor,* 801 F.2d 879, 882 (7th Cir.1986) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

[while] the sale of the dealership occurred at the end of 2004."

¶ 25 These grounds for Wheeler's defenses were sufficient to fulfill the gateway function of the requirement of a meritorious defense. Wheeler provided the district court the essential grounds for its defenses—enough to establish that setting aside the judgment would not be an empty or futile gesture. That is not to say that Wheeler's allegations established these defenses' validity. The questions whether the court lacked jurisdiction over Wheeler and whether Wheeler was a proper party remain to be resolved on their merits, just as any claim or defense once properly pleaded must still be resolved on its merits at trial or summary judgment. But Wheeler's short and plain allegations of its defenses were sufficient under rule 60(b), and we reverse the court of appeals' decision to the contrary.

### C

¶ 26 Wheeler's adequate proffer of a meritorious defense establishes the gateway for its 60(b)(1) motion, but its motion's success also depends on a showing of surprise or excusable neglect in failing to file an answer. The district court found against Wheeler on that issue, while the court of appeals did not reach it. The proper course in such circumstances is a remand to the court of appeals, as the issue is not before us and its resolution is not apparent on the record.

¶ 27 In remanding, however, we offer some guidance on points that may be of relevance to the lower court's resolution of this issue. *See* UTAH R.APP. P. 30(a) (endorsing the resolution of issues that may be "necessary to the final determination of the case" on remand). We begin by noting that a party seeking relief from a judgment under rule 60(b)(1) "must show that he has used *due diligence* and that he was prevented from appearing by circumstances over which he had no control." *Airkem Intermountain,*

*Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429, 431 (1973). A party acts with sufficient diligence where his failure to act was the result of "excusable neglect," meaning the neglect one would expect from "a reasonably prudent person under similar circumstances." *Mini Spas, Inc. v. Indus. Comm'n of Utah,* 733 P.2d 130, 132 (Utah 1987) (internal quotation marks omitted). Alternatively, a party acts with due diligence where his failure is due to "surprise," such as that resulting from a lack of reasonable notice prior to the entry of judgment.

¶ 28 The district court found that Wheeler fell short under these standards because it "was afforded over three months to provide the plaintiffs with the documents requested," and "an answer could have been filed by [Wheeler] at any time during the more than three months between [the time] the Complaint was served and the date the default was entered." We might not be so quick to condemn Wheeler's actions, however. First, the fact that three months elapsed between the filing of the complaint and the entry of default judgment arguably should not count against Wheeler. During that time Wheeler's counsel was seeking to negotiate a voluntary resolution of the claim against Wheeler, and the delay for that purpose was laudable or at least excusable.[11] Moreover, during this period there were a number of exchanges between counsel for the parties that at least arguably suggested to Wheeler that it would not be defaulted without further notice and an opportunity to file an answer. Under such circumstances, it is at least arguable that "[c]ommon courtesy and ordinary professional conduct dictated that before [seeking default judgment] the attorney should have made contact with [Wheeler's counsel] with whom he had been dealing for so long, and to have made inquiry as to why an answer had not been filed." [12]

¶ 29 The district court found that Wheeler "was informed that the plaintiff was seeking

---

11. *See Helgesen v. Inyangumia,* 636 P.2d 1079, 1081 (Utah 1981) ("It is not uncommon in the practice of the law that when parties are negotiating settlement and one party files a lawsuit to bring pressure to bear, the other party is not strictly held [by the plaintiff] to the time requirements of the rules of procedure since settlement talk continues to the day of trial and a few days' delay has little or no effect on when the trial date will be set.")

12. *Id.*

a default and a copy of the Application for Entry of Default was provided to defendant's counsel," but Wheeler asserts that the only way it was "informed" of the default proceedings was by the Judson's mailing of the Application for Entry of Default—which arrived one day after the default judgment was entered. Wheeler further alleges that during ongoing settlement negotiations it was never given an explicit deadline—a date on which the Judsons would seek a default if the parties had not resolved their differences. Wheeler's assertions at least arguably suggest that it acted with reasonable diligence. Perhaps it would have been prudent to have filed an answer sooner, but it also appears that Wheeler may have reasonably relied on an understanding with opposing counsel and that the default judgment ultimately took it by surprise.

¶ 30 The district court made no findings on these specific matters and we do not purport to resolve them here. Our point is only to observe that there may be more to Wheeler's assertion of surprise and excusable neglect than the district court seemed to acknowledge. These issues are not before us and their resolution is not readily apparent, however, so we remand for their final disposition by the court of appeals.

Justice LEE authored the opinion of the Court, in which Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and Judge TOOMEY joined.

Having recused herself, Chief Justice DURHAM did not participate herein; District Judge KATE A. TOOMEY sat.