IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| William Judson and Donna Judson, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiffs and Appellees, | ) | Case No. 20080688-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Wheeler RV Las Vegas, LLC dba | ) | (June 14, 2012) |
| Wheeler's Las Vegas RV, | ) | |
| | ) | 2012 UT App 169 |
| Defendant and Appellant. | ) | |

-----

Fifth District, St. George Department, 070501867
The Honorable Eric A. Ludlow

Attorneys:     Steven R. Bangerter, William E. Frazier, and Daniel P. Wilde, St.
George, for Appellant
Gary G. Kuhlmann, St. George, for Appellees

-----

Before Judges Davis, Thorne, and Roth.

THORNE, Judge:

¶1     This matter returns to this court on remand from the Utah Supreme Court with directions to review the district court's 2008 determination that the default judgment against Wheeler RV Las Vegas, LLC (Wheeler) did not result from surprise or excusable neglect. *See Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶¶ 26–30, 270 P.3d 456. We, in turn, remand the matter to the district court for the entry of findings on the factual issues identified in the supreme court's decision.

¶2    The district court entered a default judgment against Wheeler in November 2007 after it failed to file an answer to William and Donna Judson's complaint.[1]  In June 2008, the district court denied Wheeler's motion to set aside the default judgment, ruling that the judgment did not arise from surprise or excusable neglect and that Wheeler had failed to proffer a meritorious defense.  On appeal, this court affirmed the district court on its meritorious defense analysis without addressing surprise or neglect.  *See generally Judson v. Wheeler*, 2009 UT App 199U, paras. 4–5 (mem.), *rev'd*, 2012 UT 6, 270 P.3d 456.  The supreme court reversed this court's decision on the meritorious defense issue and remanded the matter to us to address Wheeler's arguments pertaining to surprise and excusable neglect.  *See Judson*, 2012 UT 6, ¶¶ 25–26.

¶3    Wheeler argues that the district court abused its discretion when it failed to grant relief from the default judgment on grounds of surprise or excusable neglect.  The district court made numerous factual findings regarding the events leading up to the default judgment and concluded that Wheeler had not demonstrated either surprise or excusable neglect.  These findings, which Wheeler does not challenge, include the following:  that in September 2007 the Judsons' counsel gave Wheeler an extension of time to answer in order to allow Wheeler's counsel "a short time to provide [the Judsons' counsel] with evidence that [Wheeler] was not the proper party in this case"; that on October 15, the Judsons' counsel made demand by telephone that the evidence be provided or that an answer be filed; that on October 30, Wheeler's counsel provided the Judsons' counsel with a bill of sale, which the Judsons' counsel informed Wheeler's counsel was insufficient; that on November 1, Wheeler's counsel informed the Judsons' counsel that no further documents would be forthcoming absent a confidentiality agreement, which the Judsons' counsel refused to sign; and that there was no further contact between the parties until November 27, when "[the Judsons'] counsel advised [Wheeler's counsel] that [the Judsons] would be seeking the entry of default and default judgment" and filed a default application with the district court.  The district court entered a default certificate on December 3 and default judgment on December 4.

¶4    On their face, these factual findings appear to amply support the district court's exercise of its discretion in determining that there was no surprise or excusable neglect.

---

[1]A detailed account of the allegations underlying the Judsons' complaint, the events leading up to the default judgment, and Wheeler's attempt to have it set aside can be found in *Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶¶ 3–10, 270 P.3d 456.

*See generally Harrison v. Thurston*, 2011 UT App 231, ¶¶ 7–9, 258 P.3d 665 (mem.) (discussing the district court's discretion to address rule 60(b) motions); *Stevens v. LaVerkin City*, 2008 UT App 129, ¶ 27, 183 P.3d 1059 (defining excusable neglect as "'the exercise of "due diligence" by a reasonably prudent person under similar circumstances'" (quoting *Mini Spas, Inc. v. Industrial Comm'n*, 733 P.2d 130, 132 (Utah 1987))); *Rukavina v. Sprague*, 2007 UT App 331, ¶¶ 3–4, 170 P.3d 1138 (discussing the "surprise" element of rule 60(b)(1) in terms of due diligence by counsel). However, in light of the supreme court's statements in *Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, 270 P.3d 456, we nevertheless remand this matter to the district court for the entry of more detailed findings in support of its June 2008 ruling.

¶5    In *Judson*, the supreme court remanded the surprise and excusable neglect issues to this court "for their final disposition by the court of appeals." *See id.* ¶ 30. But the supreme court also strongly suggested that the existing record is insufficient to allow adequate review. *See id.* ¶ 26 (stating that the "resolution [of the surprise and neglect issues] is not apparent on the record"). The supreme court expressed its reservations about exactly when and how Wheeler received notice that Judson was abandoning negotiations and seeking default judgment, *see id.* ¶¶ 28–29, and seemed particularly troubled by Wheeler's assertion on appeal that "the only way it was 'informed' of the default proceedings was by the [Judsons'] mailing of the Application for Entry of Default—which arrived [on December 5, 2007,] one day after the default judgment was entered." *See id.* ¶ 29. The supreme court stated, "The district court made no findings on these specific matters and we do not purport to resolve them here. Our point is only to observe that there may be more to Wheeler's assertion of surprise and excusable neglect than the district court seemed to acknowledge." *Id.* ¶ 30.

¶6    Despite the district court's detailed factual findings, the supreme court's comments in *Judson* indicate to us that the existing record and findings are not sufficient to allow appellate review of the surprise and neglect issue. We therefore remand this matter to the district court with instructions to make further factual findings addressing the concerns raised in paragraphs 28 and 29 of *Judson*. Specifically, the district court is directed to make additional findings regarding the relationship between Wheeler's failure to answer and the ongoing settlement process; the reasonableness of any belief on Wheeler's part that "it would not be defaulted without further notice and an opportunity to file an answer"; and when and how Wheeler actually *received* notice that

the Judsons were seeking a default. *See id.* ¶¶ 28–29. The district court, of course, has the discretion to take additional evidence should it consider it appropriate to do so.

¶7    Once the district court has addressed these factual issues, it may revisit the issue of whether Wheeler "acted with reasonable diligence." *See id.* ¶ 29. The district court may then either reaffirm its original ruling or alter it in light of the additional factual findings.

_____
William A. Thorne Jr., Judge

-----

¶8    WE CONCUR:

_____
James Z. Davis, Judge

_____
Stephen L. Roth, Judge