IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Farouk Mehio, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20120573-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 29, 2012) |
| Smart Dental Care, LC, | ) | |
| | ) | 2012 UT App 335 |
| Defendant and Appellee. | ) | |

-----

Third District, Salt Lake Department, 120900001
The Honorable Sandra N. Peuler

Attorneys:   Farouk Mehio, Salt Lake City, Appellant Pro Se
         Terence L. Rooney and Christopher W. Droubay, Salt Lake City, for
         Appellee

-----

Before Judges Davis, McHugh, and Voros.

¶1     Farouk Mehio appeals the denial of his motion to set aside the district court's order dismissing his complaint. This matter is before the court on its own motion for summary disposition on the basis that the issues raised for review are so insubstantial as not to merit further proceedings and consideration by the court. We affirm.

¶2     In his motion under rule 60(b) of the Utah Rules of Civil Procedure, Mehio complained that the district court had never ruled on his request for an extension to respond to Smart Dental Care LC's motion to dismiss prior to the district court dismissing his complaint for medical malpractice. As a result, he argued that the district court ruled on the motion to dismiss without ever seeing his response. The 60(b) motion did not set forth any allegation that he had a meritorious defense to the motion to dismiss.

¶3   Generally, relief under rule 60(b) is only available "upon (1) a showing that there is an explicit basis for granting relief under one of the subsections of 60(b); and (2) an allegation of a meritorious defense." *Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶ 14, 270 P.3d 456. The district court denied Mehio's motion for 60(b) relief because he failed to make any allegation of a meritorious defense. The district court did not abuse its discretion in denying Mehio's rule 60(b) motion. *See Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480 ("A district court has broad discretion to rule on a motion to set aside a default judgment under rule 60(b) of the Utah Rules of Civil Procedure."). Smart Dental's motion to dismiss was based upon the argument that Mehio had failed to comply with the 90-day notice provision of the Utah Health Care Malpractice Act, thereby depriving the district court of subject matter jurisdiction. *See* Utah Code Ann. § 78B-3-412(1) (LexisNexis Supp. 2012). Therefore, in order to obtain relief under rule 60(b), Mehio not only had to show that there was an explicit basis for granting relief under the rule, but also that he had a meritorious defense to Smart Dental's argument that the district court lacked subject matter jurisdiction due to Mehio's failure to comply with the Health Care Malpractice Act. Mehio made no attempt to demonstrate that he had such a defense.[1] Accordingly, because Mehio failed to demonstrate that he had a meritorious defense to Smart Dental's motion to dismiss, the district court did not abuse its discretion in denying the rule 60(b) motion.

¶4   Affirmed.

_____
James Z. Davis, Judge


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge

---

[1]In his memorandum filed in response to this court's sua sponte motion for summary disposition, Mehio argues the merits of his case, but makes no mention of whether he complied with the notice provisions of the Health Care Malpractice Act.