**2013 UT App 19**

# THE UTAH COURT OF APPEALS

MURRAY PLACE,

*Plaintiff and Appellee,*

*v.*

KENIA VARELA AND UVALDO TOVAR,

*Defendants and Appellants.*

Per Curiam Decision
No. 20120893-CA
Filed January 25, 2013

Third District, West Jordan Department
The Honorable Charlene Barlow
No. 120408894

Rayminh L. Ngo, Attorney for Appellants
Kirk A. Cullimore and Derek J. Barclay,
Attorneys for Appellee

Before JUDGES ORME, THORNE, and CHRISTIANSEN.

PER CURIAM:

¶1 Kenia Varela and Uvaldo Tovar appeal the district court's denial of their motion to set aside a default judgment and order of restitution. This matter is before the court on Varela and Tovar's

motion for summary reversal.[1] We reverse and remand to the district court for further proceedings.

¶2     Varela and Tovar's motion to set aside the judgment under rule 60(b) of the Utah Rules of Civil Procedure argued that the court lacked jurisdiction to enter the default judgment against them because they were never served with a copy of the summons and complaint. The district court denied their motion "because the Defendants have failed to show by affidavit a meritorious defense to the underlying claim." The district court's order did not discuss Varela and Tovar's affidavits, which stated that they had not been served with a copy of the summons and complaint.

¶3     While the assertion of a separate meritorious defense is generally required to support a successful 60(b) motion, it is not required in all instances. *See Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶ 15, 270 P.3d 456. Specifically,

> [i]f a judgment is entered by a court that lacks juris-diction, justice is furthered by setting that judgment aside as void under rule 60(b)(4) even absent a separate meritorious defense. . . . A showing of lack of jurisdiction, in other words, could never be futile, as a jurisdictional defect is enough by itself to void a judgment.

*Id.* Therefore, a motion under rule 60(b)(4) "could succeed on the basis of a mere showing that the judgment was void because of

---

1. This court originally entered its own sua sponte motion for summary disposition based upon the lack of a final, appealable order. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 27–32, 201 P.3d 966. However, the district court entered a final, appealable order on November 16, 2012. Accordingly, the court withdraws its motion for summary disposition based upon an apparant lack of jurisdiction.

some defect in the court's authority over the case or the parties." *Id.* ¶ 16.

¶4      Because Varela and Tovar's sole argument for seeking relief under rule 60(b) was based upon lack of jurisdiction due to lack of service, they were not required to demonstrate that they had a meritorious defense to Murray Place's claims. Accordingly, the district court erred in denying their 60(b) motion due to their failure to demonstrate a meritorious defense to the underlying claim.

¶5      Reversed and remanded for further proceedings consistent with this decision.

————————————