**UTAH COUNTY, Plaintiff and Respondent,**

v.

**Russell Olsen BROWN, Faun V. Gammon, Lucille Gammon, Joyce Gammon Swapp and Norma Gammon Brown, Defendants and Appellants.**

No. 18358.

Supreme Court of Utah.

Oct. 11, 1983.

M. Dayle Jeffs, Provo, for defendants and appellants.

Lynn W. Davis, Provo, for plaintiff and respondent.

HALL, Chief Justice:

On June 1, 1978, plaintiff/respondent Utah County commenced proceedings in eminent domain against 16 named defendants, 5 of whom bring this appeal. The action was brought to condemn a strip of land in Provo, Utah, for the purpose of building a road to County property. The

County appraised the property at $33,500 and thereafter made a motion for an order of immediate occupancy,[1] which motion was granted after a hearing at which appellants were present. The order was entered on June 19, 1978, and stipulated that, as a condition precedent to its effectiveness, the County should: (1) deposit $6,300 with the clerk of the court from which the defendants could withdraw amounts commensurate to their proportionate share of the property condemned; and (2) file within ten days information showing the amount of land condemned owned by each defendant and the percentage of that land in relation to the total land condemned. The County deposited the $6,300, but did not comply with the information demand. It subsequently began construction of the road, which was completed and in use at the time of the trial from which this appeal is taken. Appellants neither complained to the court as to the sum deposited in the court nor raised as an issue the noncompliance of the County until the trial three and one-half years later. Appellants also did not apply for or receive their proportionate share of the amount on deposit.

At the time of the trial on January 25, 1982, the County had settled with all of the condemnees except those who bring this appeal. At the trial, the appellants stipulated that they had agreed that the value of their interest in the property and the right-of-way thereto was $9,250. The County indicated it intended to apply the entire $6,300 deposited with the clerk of the court to the settlement with appellants. The only issue presented to the trial court for decision was the amount of interest due the appellants on the settlement amount. On January 26, 1982, the trial court ruled that appellants were not entitled to interest on the $6,300 deposited with the clerk of the court in 1978. Appellants thereafter made a motion to amend the judgment to allow

interest on that amount, which motion the court denied. Defendants appeal. We reverse.

There are three provisions of the statute [2] governing immediate occupancy in eminent domain proceedings that are pertinent here. First, the statute provides that if the court grants the motion for immediate occupancy it *shall* require the condemnor as a condition precedent to occupancy to deposit with the court at least 75 percent of the appraised value of the property sought to be condemned. Second, the statute provides that the amount on deposit will be available to the parties in interest upon application to the court. The amount released will thereafter be credited against the subsequent award. Third, the statute provides that a judgment of compensation shall include interest at the rate of 8 percent per annum on the amount of the award from the date of the order of occupancy to the date of judgment.[3] No interest is allowed on that portion of the award that is deposited in the court.

Appellants claim that because the court did not follow the statute and require 75 percent of the appraised value of the property[4] to be deposited with the court, the County cannot claim the benefit of the remainder of the statute, including the no-interest-on-the-deposit provision. This argument has no merit. First, we cannot disregard the clear directives of a statute because of error by the court below. Second, in order to preserve a plea of error, the alleged error must have been raised seasonably by counsel to the trial court.[5] The purpose of this rule is to allow the trial court to correct any error, if error there be. Appellants did not raise this issue at any time to the court granting the motion for immediate occupancy and have thereby waived the right to raise it now.

1. Pursuant to U.C.A., 1953, § 78-34-9.

2. *Id.*

3. The order for immediate occupancy was granted on June 19, 1978.

4. Seventy-five percent of $33,500, the appraisal value as determined by the County, would be $25,125.

5. *Shayne v. Stanley & Sons, Inc.,* Utah, 605 P.2d 775 (1980).

■ Appellants further contend that the trial court erred in the amount of interest it ordered paid to appellants.[6] The trial court cited *State Road Commission v. Rohan*[7] as precedent for its holding that interest could not be paid on $6,300 of appellants' award. *Rohan,* however, is not apposite.

In *Rohan,* the commission deposited the requisite 75 percent of the appraised value of the condemned land with the court. The defendants contended that they never applied for and withdrew the money due them because they didn't receive formal notice of the deposit and that therefore they should receive interest on that amount. This Court concluded that since the defendants had notice of the condemnation proceedings and the statute, they also had notice of the condition precedent to immediate occupancy, namely, the deposit requirement, and no formal notice was required. Therefore, the Court concluded that, under § 78-34-9, interest could not be paid on the amount on deposit. All defendants were parties to the appeal.

This case presents a different question. Here there were multiple defendants, each entitled to only a portion of the deposited amount. None applied for or received his or her entitlement, mainly because the County had not complied with the court-ordered condition precedent that required it to determine the amount of land owned by each defendant and the percentage of that land in comparison to the total condemned. Eleven defendants ultimately settled with the County and were paid the total of their awards without regard to the amount on deposit. The County now proposes to use the entire $6,300 deposit as partial payment of the award to appellants herein and contends that appellants are not entitled to interest on any of that amount. We do not agree.

The five appellants in this case would have been entitled to a total of $1,750 out of the $6,300 fund.[8] The fact that none of them applied for and received that amount would not normally negate the stricture of the statute disallowing interest on the amount placed on deposit in the court for the benefit of appellants. However, the County did not comply with the court-ordered precedent requiring land descriptions and percentages. Until it did so, appellants could not claim their percentage of the amount on deposit and they are not to be penalized for the County's dereliction. The burden of compliance with the condition precedent was on the County and the County must bear the consequences of its failure to abide by the court order. Therefore, appellants are entitled to interest on that $1,750.

■ Appellants are also entitled to interest on the remaining $7,500 due them, including whatever amount the County chooses to apply to the award from deposited funds. The County apparently intends to use the entire $6,300 in the fund to pay the award to appellants. However, this does not allow the County to charge the appellants with its failure to make the fund accessible to the other named defendants.

The County condemned 16 separate parcels of land and could theoretically have been required to deposit 16 separate funds. The interests of orderly administration would not be served by such a requirement. Nevertheless, the example points up the contradiction in the position of the County. The County could not successfully contend that because funds from the 16 deposits were not withdrawn it could then use the proceeds of all 16 funds to pay off these five condemnees, who had no right to tap the funds and not be charged interest on any of the money. But that in fact is what the County proposes should be done.

Appellants had no control at any time over the $6,300 deposit, over and above the $1,750 they would have been entitled to. At any time prior to appellants' settlement

6. This contention was properly raised in the trial court.

7. 28 Utah 2d 375, 503 P.2d 141 (1972).

8. Appellants together owned a total of 6,960.88 square feet, or 27.8 percent, of the total 25,000 square feet condemned.

with the County, any of the other named defendants could have claimed his or her share of the deposit. Even at settlement, the County could have required the other named defendants to withdraw their portions from the fund as part of the settlement award. It stretches the bounds of reason to conclude that because appellants were the last to settle with the State, the statute requires that they should bear the burden of non-interest on money they were not entitled to and could not touch or control prior to that time. We hold that the County must pay interest on appellants' entire $9,250 award from the day the order of occupancy was entered, June 19, 1978, to the day of judgment.

Under U.C.A., 1953, § 15–1–4 (Supp.1981), judgments bear interest at the rate of 12 percent per annum. While the judgment of February 3, 1982, does not specifically recite the terms of the settlement agreement between the County and appellants, both the trial court and the parties treat those terms as part of the money judgment. While the judgment decree itself would have been clearer had it recited the settlement as stipulated, it is no less a final judgment. Therefore, appellants are entitled to interest at 12 percent on $9,250 from the date of judgment to the date of payment.[9]

The case is remanded to the trial court for a determination of the exact amount of interest due appellants on $9,250 calculated according to our holding herein. Upon payment of the judgment and interest to appellants, the trial court should enter a final judgment of condemnation pursuant to U.C.A., 1953, § 78–34–15. Costs to appellants.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

**9.** An appeal does not stop the running of interest. To obtain such a result, the obligor must make a tender that is rejected by the obligee.

*Woodmont, Inc. v. Daniels,* 290 F.2d 186 (10th Cir.1961).