*This opinion is subject to revision before final publication in the Pacific Reporter*

**2025 UT 39**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

LEAGUE OF WOMEN VOTERS OF UTAH,*
*Respondents,*

*v.*

UTAH STATE LEGISLATURE,*
*Petitioners.*

No. 20251057
Submitted September 11, 2025
Filed September 15, 2025

On Petition for Extraordinary Relief

Third District Court, Salt Lake City
The Honorable Dianna M. Gibson
No. 220901712

---

* Additional Respondents: Mormon Women for Ethical Government, Stefanie Condie, Malcolm Reid, Victoria Reid, Wendy Martin, Eleanor Sundwall, and Jack Markman.

Lieutenant Governor Deidre Henderson is named as a defendant in this case but did not take a position on the petition and responded only to "reiterate that for her and the county clerks to effectively administer the 2026 Congressional election, there must be a definitive Congressional map in place no later than November 10, 2025."

Judge Dianna M. Gibson, a real party in interest, filed a notice stating that she would not respond to the petition and expressing her view that the "real-parties-in-interest are in the best position to make the appropriate arguments."

Additional Petitioners: Utah Legislative Redistricting Committee, Senator Scott Sandall, Representative Mike Schultz, Senator J. Stuart Adams.

Attorneys[*]:

Troy L. Booher, J. Frederic Voros, Jr., Caroline A. Olsen,
David C. Reymann, Cheylynn Hayman, Salt Lake City,
for respondents

Victoria Ashby, Christine R. Gilbert, Alan R. Houston,
Tyler R. Green, Salt Lake City, Taylor A.R. Meehan,
Arlington, Va., for petitioners

————————

PER CURIAM[**]:

## INTRODUCTION

¶1    In late August, the district court in this case ruled that a citizen initiative referred to as Proposition 4, which was passed by the voters of Utah in 2018 and reformed the redistricting process, was a constitutionally protected exercise of Utahns' right to reform their government. The court concluded that Proposition 4 had been unconstitutionally repealed and replaced by another law, Senate Bill 200 (S.B. 200), which eliminated Proposition 4's key redistricting reforms. As a result, the district court enjoined the Congressional Map that has been in place in Utah since 2021 because it concluded the Map unconstitutionally violates the redistricting reforms that Utahns enacted through Proposition 4.

¶2    In consultation with the parties in this case, the district court developed a remedial process to put in place a congressional map that complies with Proposition 4 in time for the 2026 election. Time is short. The Lieutenant Governor has indicated that the map

————————

[*] Additional attorneys: Kade N. Olsen, Salt Lake City, Mark P. Gaber, Aseem Mulji, Benjamin Phillips, Isaac DeSanto, Washington D.C., Annabelle Harless, Chicago, Ill., for respondents. Derek E. Brown, Att'y Gen., David N. Wolf, Lance Sorenson, Asst. Att'ys Gen., Sarah Goldberg, Asst. Solic. Gen., for defendant Lieutenant Governor Diedre Henderson. Stacy R. Haacke, Salt Lake City, for real parties in interest, Judge Dianna Gibson. Frank H. Chang, Marie E. Sayer, Arlington, Va., for petitioners.

[**] The petition for extraordinary relief was referred to the full court for consideration. Having recused themselves, Associate Chief Justice Pearce and Justice Hagen do not participate herein. District Court Judge Jennifer A. Mabey and District Court Judge Tony F. Graf, Jr., sat in their place.

must be in place by November 10, 2025, to ensure an orderly process leading up to the 2026 election.

¶3    Although Legislative Defendants disagree with the district court's ruling, they have agreed to participate in the remedial process. However, they moved the district court to stay its injunction on the current Congressional Map during the remedial process and throughout any appeals they may take. This would mean that the current Congressional Map would be in effect throughout the remedial process and any subsequent appeals in this case. The district court denied Legislative Defendants' motion.

¶4    This is the decision that Legislative Defendants challenge. Pursuant to rule 19 of the Utah Rules of Appellate Procedure, they have petitioned this court for extraordinary relief with respect to the district court's denial of the request for a stay of its injunction on the Congressional Map. Legislative Defendants present one issue for our review:

> Whether the district court abused its discretion in refusing to stay its order permanently enjoining the use of H.B. 2004, the 2021 Congressional Map, because the court's ordered remedial process doesn't require compliance with all of Proposition 4.

¶5    For the reasons explained below, we deny Legislative Defendants' petition. Their arguments focus largely on the district court's remedial process, but they have not appealed from the order putting that process in place. Instead, they challenge the district court's denial of their motion to stay the court's injunction on the Congressional Map. However, their complaints about the remedial process do not demonstrate that the court's denial of the stay order is legally wrong or that the court otherwise abused its discretion. Without that, they have not shown why they should receive the extraordinary relief they seek here.[1]

---

[1] Legislative Defendants filed their petition on Friday, September 5, 2025, along with a Rule 23C Emergency Motion for Expedited Consideration of Emergency Petition for Extraordinary Relief. The motion sought expedited briefing on the petition and requested an order from this court granting or denying the petition by Monday, September 15, 2025. We invited Respondents to file responses to the petition, *see* UTAH R. APP. P. 19(k), granted the motion for expedited briefing, and now expedite our decision on the petition.

## BACKGROUND

¶6   In 2018, the people of Utah passed a citizen initiative aimed at ending partisan gerrymandering. Officially called the "Utah Independent Redistricting Commission and Standards Act," the initiative is colloquially referred to as "Proposition 4." Proposition 4 received enough citizen signatures to be placed on the ballot in 2018, and it was passed that year by voters during the general election. But before the 2020 redistricting cycle began, the Legislature enacted S.B. 200, which repealed Proposition 4 and replaced it with a new redistricting law referred to as S.B. 200.

¶7   Plaintiffs, League of Women Voters of Utah and others, brought suit. Relevant here, they alleged in Count V of their complaint that in proposing and passing Proposition 4, Utahns had used their initiative power to exercise their right under the Utah Constitution to alter or reform their government. And they contended that Legislative Defendants had violated those rights by repealing Proposition 4 and enacting S.B. 200 in its place.

¶8   Legislative Defendants moved to dismiss Count V in the district court. They argued that because the Legislature has authority to amend, repeal, and enact statutes—and a citizen initiative is a statute—the Legislature has unfettered authority to repeal citizen initiatives, including Proposition 4. The district court agreed with Legislative Defendants and dismissed Count V.

¶9   On interlocutory appeal of that decision, we held that the people's right to alter or reform their government through a citizen initiative is protected from government infringement by the Utah Constitution. *League of Women Voters of Utah v. Utah State Legislature*, 2024 UT 21, ¶ 171, 554 P.3d 872. And because the Legislature's general authority to amend, repeal, and enact statutes must be exercised within the bounds of the Utah Constitution, any amendment or repeal of a citizen initiative that reforms the government must either (1) facilitate or support the reform, or at least not impair the reform, or (2) if the changes do impair the reform, be narrowly tailored to serve a compelling government interest. We did not decide whether S.B. 200 satisfied this standard but instead remanded the case back to the district court for further proceedings.

¶10  On remand, the parties filed cross-motions for summary judgment. In deciding those motions, the district court considered whether S.B. 200 satisfied the legal standard established by our decision in *League of Women Voters*, 2024 UT 21. The court

4

concluded, as a matter of law, that it does not. The court reached its conclusion for three reasons: (1) the people exercised their initiative power to reform or alter their government through Proposition 4; (2) S.B. 200 impaired the initiative's redistricting reform by repealing key provisions of Proposition 4; and (3) the Legislative action—repealing Proposition 4 in its entirety and replacing it with S.B. 200—was not narrowly tailored to advance a compelling state interest. Because Legislative Defendants did not satisfy the *League of Women Voters* analysis, the court granted summary judgment in Plaintiffs' favor.

¶11 After concluding that S.B. 200 was unconstitutional, the district court declared: "Proposition 4 is the law in Utah by operation of law." The court also crafted a remedy to guide the parties as to how to comply prospectively with Proposition 4. This remedy included, among other things, a plan for the parties to propose maps to the court, a 10-day public notice and comment period, and an evidentiary hearing on the proposed maps.[2] The court also prospectively and permanently enjoined H.B. 2004, the 2021 Congressional Map, which was enacted under S.B. 200 and was used in the 2022 and 2024 election cycles.

¶12 Legislative Defendants then moved to stay the district court's injunction of the 2021 Congressional Map "pending the final outcome of remedial proceedings and appeals to the Utah Supreme Court and U.S. Supreme Court." The district court denied this motion, leaving the injunction in place.

¶13 Legislative Defendants filed an emergency petition for extraordinary relief with this court under rule 19(a) of the Utah Rules of Appellate Procedure, arguing that the district court abused its discretion in refusing to stay its order permanently enjoining the Congressional Map.

## ANALYSIS

### I. EXTRAORDINARY RELIEF UNDER RULE 19(a)

¶14 Under rule 19(a) of the Utah Rules of Appellate Procedure, a party may petition an appellate court for extraordinary relief under rule 65B of the Utah Rules of Civil Procedure "[w]hen no

---

[2] In response to the Legislature's clarification motion, and after argument from the parties in an August 29 hearing, the district court amended its August 25 order to clarify the remedial measures imposed as part of that order.

other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a); *see also Cox v. Laycock*, 2015 UT 20, ¶ 47, 345 P.3d 689. Legislative Defendants contend that they are entitled to relief under these rules based on their argument that "the district court abused its discretion in refusing to stay its order permanently enjoining the use of H.B. 2004, the 2021 Congressional Map." *See* UTAH R. CIV. P. 65B(d)(2)(A) ("Appropriate relief may be granted: . . . . where an inferior court . . . abused its discretion."); *see also State v. Boyden*, 2019 UT 11, ¶ 15, 441 P.3d 737.

¶15 Extraordinary relief under rule 19 is, as its name suggests, "difficult to obtain." *State v. Barrett*, 2005 UT 88, ¶ 23, 127 P.3d 682. A party seeking such relief must not only show that it is entitled to relief under rule 65B, but also that "no other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a); *see also F.L. v. Court of Appeals*, 2022 UT 32, ¶ 31, 515 P.3d 421. Further, "[u]nlike parties pursuing direct appeals, . . . a petitioner who demonstrates [an] error has no right to receive a remedy that corrects the lower court's mishandling of the particular case." *Boyden*, 2019 UT 11, ¶ 15 (cleaned up). In other words, "if a petitioner is able to establish that a lower court abused its discretion, that petitioner becomes eligible for, but not entitled to, extraordinary relief." *Barrett*, 2005 UT 88, ¶ 24. We retain "broad discretion" whether to grant or deny the requested relief. *Marin v. Utah State Bar*, 2025 UT 18, ¶ 10, 572 P.3d 367 (cleaned up).

## II. LEGISLATIVE DEFENDANTS' PETITION

¶16 Here, Legislative Defendants present a single issue for our review: "Whether the district court abused its discretion in refusing to stay its order permanently enjoining the use of H.B. 2004, the 2021 Congressional Map." Legislative Defendants argue that the district court abused its discretion "because the court's ordered remedial process doesn't require compliance with all of Proposition 4."

¶17 To demonstrate their entitlement to extraordinary relief under rule 19(a), Legislative Defendants must clear three hurdles:

(1) Show they have properly invoked rule 19(a) because "no other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a);

(2) Demonstrate entitlement to relief under rule 65B by showing that the district court abused its discretion in declining to stay its permanent injunctive order; and

(3) Persuade the court that extraordinary relief is warranted here.

As explained below, we conclude that although Legislative Defendants have properly invoked rule 19(a), they have not shown that the district court abused its discretion in declining their request to stay the court's permanent injunctive order, and thus they have not demonstrated entitlement to relief under rule 65B. Accordingly, we deny the petition for extraordinary relief.

## III. NO OTHER PLAIN, SPEEDY, OR ADEQUATE REMEDY

¶18  As alluded to above, rule 19 is not a substitute for other avenues of appeal; a petition for extraordinary relief is appropriate only "[w]hen no other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a). "When the petitioner is a party to the action below and seeks alternate relief from the district court order, there is an adequate remedy available—namely, an appeal. Thus, before we can address a petition for extraordinary relief, the petitioning party must have exhausted all available avenues of appeal." *Cox v. Laycock*, 2015 UT 20, ¶ 47, 345 P.3d 689 (cleaned up). "The purpose of this rule is to keep litigants from bypassing traditional avenues for judicial relief, or in other words from substituting the extraordinary writ process for what should have been ordinary litigation." *Id.* (cleaned up).

¶19 Plaintiffs contend that because Legislative Defendants "could have invoked plain, speedy, and adequate remedies" outside of rule 19, they have not cleared the first hurdle to obtaining the extraordinary relief they seek.[3] Specifically, citing Utah Code section 78B-5-1002, Plaintiffs argue that Legislative Defendants "could have appealed the district court's injunctive order"

---

[3] In fact, Plaintiffs go so far as to contend that we lack jurisdiction over the petition because Legislative Defendants could have pursued relief from this court without invoking rule 19. We disagree. The Utah Constitution states that "[t]he Supreme Court shall have original jurisdiction to issue all extraordinary writs," UTAH CONST. art. VIII, § 3, and, as noted by Legislative Defendants, that constitutional authority is also acknowledged in statute, *see* UTAH CODE § 78A-3-102(2) ("The Supreme Court has original jurisdiction to issue all extraordinary writs . . . ."). We thus reject Plaintiffs' claim that we lack jurisdiction to consider the petition. But, as discussed above, we recognize the procedural limitations we have placed on a party's invocation of our writ authority.

declaring S.B. 200 and H.B. 2004 unconstitutional, "and sought expedited briefing and decision—or at least a stay pending appeal." Alternatively, Plaintiffs argue, Legislative Defendants "could have timely sought expedited interlocutory review under [Utah] Rules [of Appellate Procedure] 5 and 23C."

¶20  We first address Utah Code section 78B-5-1002. It states, in relevant part:

> A defendant has a right in a civil action to appeal a decision by a trial court of this state to grant, continue, modify, or refuse to modify an injunctive order if the underlying claim for the injunctive order is that the state law, or any part of the state law, is unconstitutional on its face.

UTAH CODE § 78B-5-1002(2).[4]

¶21  Legislative Defendants resist application of this statute, arguing that it is "not at all 'plain' that § 78B-5-1002 provides an avenue of relief for Legislative Defendants, much less that that avenue would be 'speedy' and 'adequate.'" They assert that "[o]n its face, the statute doesn't contemplate an appeal of a denial of a stay of an injunction or any other remedial rulings by the district court."

¶22  We are unsure why Legislative Defendants doubt that an appeal under section 78B-5-1002 would not provide them with a "speedy" or "adequate" remedy. They don't explain why they could not have sought expedited review of an appeal under this section, just as they did for their rule 19 petition. We are also uncertain why Legislative Defendants contend that the statute does not appear to contemplate an appeal of "other remedial rulings by the district court." To the extent a court's "remedial rulings" take the form of an injunctive order, it seems as though the statute would apply. But here, Legislative Defendants don't purport to appeal either the district court's permanent injunction prohibiting implementation of the 2021 Congressional Map or the court's so-

---

[4] As used in subsection 78B-5-1002(1)(a), the term "injunctive order" means "a temporary restraining order, a preliminary injunction, a permanent injunction, or any order or judgment that restrains or enjoins the execution or enforcement of a state law or any part of a state law." UTAH CODE § 78B-5-1002(1)(c). And "state law" means "a state statute, a provision of the Utah Constitution, or any action of the Legislature." *Id*. § 78B-5-1002(1)(e).

called "remedial rulings." Instead, Legislative Defendants have framed their appeal as a challenge to the district court's denial of a stay of the injunctive order. And we agree with Legislative Defendants that the statute doesn't appear to contemplate "an appeal of a denial of a stay of an injunction." Thus, considering the issue as framed by Legislative Defendants, we agree that a direct appeal under section 78B-5-1002 was not plainly available.

¶23 In addition to section 78B-5-1002, Plaintiffs contend that Legislative Defendants, instead of invoking rule 19(a)'s extraordinary procedures, could have sought expedited interlocutory review of the denial of the stay under rule 5 of the Utah Rules of Appellate Procedure. Legislative Defendants reject Plaintiffs' contention, claiming interlocutory review is not "adequate." They argue that they "need[] a speedier resolution than that afforded by petitioning for permission to appeal under Utah Rule of Appellate Procedure 5."

¶24 As explained above, to the extent Legislative Defendants intended to seek review of the district court's injunctive orders, they could have invoked section 78B-5-1002 and pursued a direct appeal. Thus, they didn't need to invoke rule 5. But because section 78B-5-1002 does not apply to their specific challenge to the district court's denial of the stay of the injunctive order, it appears that rule 5 was, in theory, an available avenue. That said, we agree with Legislative Defendants that rule 5 did not provide a speedy enough remedy under the circumstances.

¶25 Under rule 5's procedures, this court could not have granted permission for an interlocutory appeal without first calling for a response to the petition from Plaintiffs. *See* UTAH R. APP. P. 5(f) ("No petition will be granted in the absence of a request by the court for a response."). Because Legislative Defendants seek review of the district court's September 2 order by September 15, there was insufficient time to review a petition and call for a response with enough time remaining to brief and decide the issues before the district court's September 25, 2025 deadline for the Legislature to publish an alternative map. As it is, Legislative Defendants filed their rule 19 petition three days after the district court's stay order was entered. Plaintiffs were afforded less than four days (including the weekend) to respond to the rule 19 petition, and the court has been afforded only four days (including the weekend) to review the parties' briefing and render a decision. Complying with rule 5

would have compressed those timelines to an impracticable degree.[5]

¶26 For these reasons, we conclude that Legislative Defendants have properly invoked rule 19(a). Under the circumstances, "no other plain, speedy, or adequate remedy" was available to challenge the district court's denial of their motion to stay.

## IV. ENTITLEMENT TO RELIEF UNDER RULE 65B

¶27 Rule 65B of the Utah Rules of Civil Procedure identifies grounds on which a party may seek extraordinary relief from the appellate court. *See* UTAH R. CIV. P. 65B(a) ("Where no other plain, speedy and adequate remedy is available, a person may petition the court for extraordinary relief on any of the grounds set forth in paragraph (b) (involving wrongful restraint on personal liberty), paragraph (c) (involving the wrongful use of public or corporate authority) or paragraph (d) (involving the wrongful use of judicial authority, the failure to exercise such authority, and actions by the Board of Pardons and Parole)."); UTAH R. APP. P. 19(a) ("When no other plain, speedy, or adequate remedy is available, a person may petition an appellate court for extraordinary relief referred to in Rule 65B of the Utah Rules of Civil Procedure.").

¶28 In seeking extraordinary relief under rule 19(a), Legislative Defendants invoke the grounds set forth in rule 65B(d) involving the "wrongful use of judicial authority." Specifically, Legislative Defendants contend that the district court, in "exercising judicial functions has . . . abused its discretion," UTAH R. CIV. P. 65B(d)(2)(A), "in denying the Legislature's stay motion." Thus, to be eligible for the extraordinary relief they seek, Legislative Defendants must demonstrate that the district court abused its discretion in denying their request that it stay its injunctive order. *See State v. Barrett*, 2005 UT 88, ¶ 24, 127 P.3d 682 (explaining that under rule 65B(d)(2)(A), "if a petitioner is able to

---

[5] We note that even where timelines are compressed, it is unlikely that we would excuse a party's failure to seek relief under rule 5 if the party appeared to be using rule 19 to evade a missed deadline for seeking interlocutory review. *See* UTAH R. APP. P. 5(a) ("The petition [seeking permission to appeal an interlocutory order] must be filed and served on all other parties to the action within 21 days after the entry of the trial court's order."). But that concern is not present here.

establish that a lower court abused its discretion, that petitioner becomes eligible for, but not entitled to, extraordinary relief").

¶29 To determine whether Legislative Defendants have shown that the district court abused its discretion in denying their request for a stay, we must first identify the standard applicable to that motion. In the district court, the Legislative Defendants moved for a stay of the court's injunctive order, invoking rule 62(c) of the Utah Rules of Civil Procedure. Quoting from that rule, Legislative Defendants argued that the "rule allows the Court 'in its discretion' to 'suspend' or 'modify' an injunction during the pendency of appellate proceedings upon such conditions for the security of the rights of the parties as are just."[6] Indeed, as we recently explained, "a party may move under rule 62(c) to suspend an injunctive order, but the court retains discretion to grant or deny such a request, and if the court opts to grant the request, the rule requires the court to set 'just' conditions securing the nonmoving party's rights." *Jenco, LC v. Valderra Land Holdings, LLC*, 2025 UT 20, ¶ 22, 572 P.3d 381.

¶30 With this standard in mind, we repeat the issue Legislative Defendants have framed for our consideration: "Whether the district court abused its discretion in refusing to stay its order permanently enjoining the use of H.B. 2004, the 2021 Congressional Map." *See supra* ¶ 4. We conclude that Legislative Defendants have not made that showing. As rule 62 and *Jenco* make clear, the district court has discretion whether to grant a stay of its injunctive order pending appeal of its substantive decision. The court *may* suspend its injunctive order, but there is no requirement in rule or law that it do so. All that is required is that the court properly apply the

---

[6] As an alternative, Legislative Defendants relied on what they described as the district court's "inherent and broad discretion to stay or modify its own injunctive orders." Specifically, Legislative Defendants cited our decision in *Little Cottonwood Tanner Ditch Co. v. Sandy City*, where we stated that "[d]istrict courts retain the power to modify even a final injunctive decree." 2016 UT 45, ¶ 19, 387 P.3d 978. Quoting U.S. Supreme Court authority, we explained that "a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Id.* (cleaned up). Because it does not appear that Legislative Defendants' request for a stay was based on a change in circumstances, it does not appear that the rule stated in *Little Cottonwood Tanner Ditch* applies.

rules governing stays and that, if the court orders a stay, it does so "upon such conditions for the security of the rights of the adverse party as are just." Utah R. Civ. P. 62(c). Legislative Defendants have not explained how the district court violated this standard.

¶31 Before the district court, Legislative Defendants argued that equities warranted a stay of its permanent injunction "pending the final outcome of remedial proceedings and appeals to the Utah Supreme Court and the U.S. Supreme Court." They argued that they intended to comply with the court's remedial processes by creating a new map, but that they also intended to appeal the court's rulings and that constitutional concerns could be avoided if the court stayed its injunction pending appeal. Legislative Defendants also argued, as they do in the petition for extraordinary relief, that they cannot comply with all of Proposition 4's procedures under the district court's timelines, so a stay of the injunction on the Congressional Map would be appropriate. Legislative Defendants did not, however, argue that it would be legal error for the court not to grant a stay under the circumstances. Instead, the Legislative Defendants appealed to the court's equitable power as codified in rule 62.

¶32 This approach stands in contrast with the arguments Legislative Defendants make in their petition for extraordinary relief. Legislative Defendants now contend that the district court abused its discretion in denying their request for a stay because the district court's "remedial process doesn't require compliance with all of Proposition 4." But that argument isn't properly directed at the court's exercise of its discretion to deny a stay of its injunctive order. Instead, that argument is directed at the remedial process the court has ordered as part of its decision on the merits, and Legislative Defendants have not challenged that decision in their petition. Said differently, even if we agreed with Legislative Defendants that the district court erred in its interpretation of Proposition 4 and its application to the remedial processes, any such error would not, itself, constitute an abuse of discretion in denying a stay. To be sure, the district court and Legislative Defendants disagree about the application of some of Proposition 4's processes at this stage of the proceedings. But disagreement about the remedial order aside, Legislative Defendants identify no "misinterpretation[] or misapplication[]" by the district court of the rules governing stays, nor any other "error[] in the district court's judgment" denying a stay. *Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 60, ¶ 17, 342 P.3d 779. Legislative Defendants have not

demonstrated that the district court abused its discretion in denying a stay of its injunctive order based on the court's view of the law—whether or not that view is incorrect.

¶33 In sum, Legislative Defendants have not shown an entitlement to relief under rule 65B and thus have not shown an entitlement to extraordinary relief under rule 19(a). In reaching this conclusion, we acknowledge the important issues Legislative Defendants have raised and respect the parties' positions relative to the district court's decision. But the issue they raise is narrow: Did the district court abuse its discretion in denying Legislative Defendants' motion for a stay? Given the considerable discretion afforded to the district court to grant a stay of its own injunctive order, we are in no position to grant extraordinary relief to Legislative Defendants on the basis that that discretion was abused where they have not identified an error related to the district court's order denying their stay request.

## CONCLUSION

¶34 Although Legislative Defendants properly invoked rule 19(a) of the Utah Rules of Appellate Procedure, they have not shown entitlement to relief under rule 65B(d) of the Utah Rules of Civil Procedure. They argue that the district court abused its discretion in denying their request for a stay of the court's injunctive order pending the exhaustion of any appeals, but their arguments are focused on the remedial process, not the court's denial of their stay request. Thus, they have not shown that the district court abused its discretion in denying their request. Accordingly, we deny the petition for extraordinary relief.

––––––––––